Lee v Herron (2023 NY Slip Op 51377(U))

[*1]

Lee v Herron

2023 NY Slip Op 51377(U)

Decided on November 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-592 N C

Eva Lee, Respondent,
against
Shanell Herron, Appellant. 

Nassau/Suffolk Law Services Committee, Inc. (Judy Slater Hirshon of counsel), for appellant.
Charles E. Holster, III, for respondent.

Appeal from a final judgment of the City Court of Long Beach, Nassau County (Corey E. Klein, J.), entered July 12, 2022. The final judgment, after a nonjury trial, awarded landlord possession in a holdover summary proceeding.

ORDERED that the final judgment is reversed, without costs, and the petition is dismissed. 
In this holdover proceeding, tenant interposed an affirmative defense of retaliatory eviction. It is undisputed that landlord commenced this eviction proceeding within one year of receiving good faith complaints from the Long Beach Housing Authority on behalf of tenant regarding conditions at the premises in need of repair. Pursuant to Real Property Law § 223-b (5), this created a "rebuttable presumption" of retaliation, and it was landlord's burden to prove a "credible explanation of a non-retaliatory motive for [her] acts" (Real Property Law § 223-b [5]). At trial, landlord presented no evidence to rebut the presumption.
Accordingly, the final judgment is reversed and the petition is dismissed.
EMERSON, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2023